## MENKEN v. BAKER.

(Supreme Court, Appellate Division, Second Department.   April 18, 1899.)

1. FRAUDULENT CONVEYANCES—EVIDENCE—QUESTIONS FOR JURY.
   There was evidence that plaintiff paid cash for a stock of goods, and received a bill of sale therefor, about a month and a half before they were levied on by the seller's creditors, and that the buyer remained in possession about two weeks, after which the seller himself managed the business on a salary. The seller's sign remained over the door, and a wagon with his name on it was continued in use. Plaintiff's name was substituted on the seller's billheads, and plaintiff renewed a lease of the store in his own name. *Held* a question for the jury whether the sale was fraudulent as against the seller's creditors.

2. SAME—CHANGE OF POSSESSION.
   A sale may not be void, as against the seller's creditors, though there is no continued change of possession, in view of the statute making the absence of such change of possession only presumptive evidence of fraud.

Appeal from trial term, Queens county.

Action by Charles Menken against William C. Baker, as sheriff of Queens county. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Thomas J. Ritch, Jr., for appellant.
William Rasquin, Jr., for respondent.

GOODRICH, P. J.   The plaintiff sues for damages occasioned by the wrongful seizure and detention of his property by the defendant, as sheriff of the county of Queens, who justified under an execution issued on a judgment in favor of William M. Stout, Frederick G. Spencer, and William V. Stout, and against William Von Elm. The judgment was rendered on May 26, 1898, and the execution was issued on June 2d. It was levied on a stock of goods in a grocery store at Hempstead, which for several years had been occupied by Von Elm. The plaintiff claimed that the property was sold to him by Von Elm for the sum of $900 paid in cash on April 19th, when a bill of sale was delivered to him. There was evidence tending to show the good faith of the sale, and the payment of the consideration in cash, and that on the day named the plaintiff took possession, purchased and sold goods in his own name, employed a former clerk, and remained at the store for two or three weeks, personally conducting the business, when, being sick, he went to his home, at Union Course, some 15 miles distant, and that he then employed Von Elm, on a salary, to manage the store. The old sign of Von Elm remained over the door, and a wagon formerly used by Von Elm, and which had his name upon it, was used in the business. The old billheads of Von Elm were used, with his name obliterated, and the name of the plaintiff substituted; and on May 1st the plaintiff renewed or took a new lease of the store in his own name. This condition of affairs continued until the sheriff made his levy. It is evident that, on these facts, a question arose whether the sale was fraudulent and void as against the creditors of Von Elm.

The defendant moved to dismiss the complaint on the ground that

there was no actual and continued possession of the property by the plaintiff, and asked the direction of a verdict in his favor at the close of the plaintiff's evidence. The motion for the direction of a verdict was renewed at the close of the entire evidence, and after the court had charged the jury. The contention of the defendant's counsel was that it appeared by undisputed evidence that there was not a continued change of possession, and that the burden was on the plaintiff to show good faith in making the sale. He seems to have lost sight of the language of the statute which makes a sale of personal property not followed by actual and continued change of possession only presumptively fraudulent as against creditors, and conclusively so unless it be made to appear that it was made in good faith, and without intent to defraud creditors. There was sufficient evidence to require the submission of the question to the jury, and it was fairly submitted in the charge, in which, after reviewing the evidence, and stating the contentions of each party, the court said, "If you find that this was a sham transaction,—that there was no change of possession, and no continued change of possession,—then your verdict will be for the defendant." We cannot interfere with the verdict. The exceptions to the charge only relate to the questions already considered.

The judgment and order must be affirmed.

Judgment and order affirmed, with costs. All concur.